# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6617 | **DATE** | 1/3/2011 |
| **CASE TITLE** | Kaya et al. vs. The Boeing Company | | |

**DOCKET ENTRY TEXT**

Opinion:
For the reasons set forth in this order, the court grants plaintiffs' motion to remand [15]. Because this court lacks subject matter jurisdiction, this action is remanded to the Circuit Court of Cook County pursuant to 28 U.S.C § 1447(c). Plaintiffs' request for attorney's fees and costs is denied. Civil cased terminated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

On October 15, 2010 defendant the Boeing Company ("Boeing") removed twenty-nine cases relating to the February 25, 2009 crash of Turkish Airlines Flight 1951 in the Netherlands. Two of these cases were assigned to this court, *Yango v. Boeing* ("*Yango*"), No. 10 C 6622, and *Kaya v. Boeing* ("*Kaya*"), No. 10 C 6617.[1] The *Yango* action involves twenty plaintiffs and the *Kaya* action involves three plaintiffs. The plaintiffs in both *Yango* and *Kaya* (collectively, "plaintiffs") have filed motions to remand their respective actions back to the Circuit Court of Cook County, where they were originally filed. Thus far, a number of other judges in this district have remanded cases removed by Boeing that stem from the Turkish Airlines crash and deal with the identical removal issue. *See Kalan-Suna v. Boeing Co.*, No. 10 C 6639, 2010 WL 4928941 (N.D. Ill. Nov. 30, 2010); *Er v. Boeing Co.*, No 10 C 6662, 2010 WL 4659547 (N.D. Ill. Nov. 8, 2010); *Cesur v. Boeing Co.*, No. 10 C 6634, 2010 WL 4638175 (N.D. Ill Nov. 5, 2010); *Ledford v. Boeing Co.*, No 10 C 6613, 2010 WL 4638409 (N.D. Ill. Nov. 5, 2010); *Iz-Anadal v. Boeing Co.*, No. 10 C 6640, Dkt. 9 (N.D. Ill. Oct. 21, 2010) (order remanding action); *Koral v. Boeing Co.*, No. 10 C 6636, 2010 WL 4116730 (N.D. Ill. Oct. 18, 2010).

Under the Class Action Fairness Act (CAFA), a "mass action" can be removed to federal court if a civil action seeks to try "monetary relief claims of 100 or more persons" jointly. 28 U.S.C. § 1332 (d)(11)(B)(i). If a case is not removable based on the initial pleadings, a notice of removal may be filed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Thus, a lawsuit can become a "mass action" at any time if a group of more than 100 plaintiffs, who originally filed separate actions, propose to try their cases jointly. *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008). However, claims joined by defendants and claims that have been consolidated or coordinated for the sole purpose of pretrial proceedings do not qualify as a "mass action." 28 U.S.C. § 1332 (d)(11)(B)(ii)(II), (IV). Notably, the Seventh Circuit

has stated that Congress enacted the mass action provision such that plaintiffs can structure their claims so that they "remain outside of CAFA's grant of jurisdiction." *Anderson v. Bayer Corp.*, 610 F.3d 390, 393 (7th Cir. 2010). In *Anderson*, the Seventh Circuit held that the defendant's request to treat three separate lawsuits, that the defendant argued were designed to circumvent CAFA, as one action was "tantamount to a request to consolidate them – a request that Congress has explicitly stated cannot become a basis for removal as a mass action." 610 F.3d at 393-94. The *Anderson* Court explicitly stated that "the mass action provision gives plaintiffs the choice to file separate actions that do not qualify for CAFA jurisdiction." *Id.* at 393.

Because neither *Yango* nor *Kaya*, nor any of the other claims related to the Turkish airlines crash, involve more than 100 plaintiffs independently, Boeing removed all of the cases stemming from the Turkish airlines crash based on the premise that the plaintiffs "converted their separate claims into one mass action." (Boeing's Opp'n to Pls.' Mot. to Remand ("Boeing Opp'n") at 12.) Boeing bases the "mass action" conversion argument on a footnote contained in plaintiffs' consolidated reply brief opposing Boeing's *forum non conveniens* motion in Cook County court.[2] (*Id.*) In that footnote, plaintiffs responded to Boeing's contention that it would be inconvenient for its witnesses to travel to Chicago, Illinois from Washington State for multiple trials, by arguing:

> Practically speaking, Boeing's suggestion in the affidavit of Thomas Dodt that its employees will have to come to Chicago, Illinois for "several" trials is not true. As this Court is aware, in aviation disaster cases, several exemplar cases are *routinely* tried on one occasion at which time the issue of liability is determined for the remainder of the cases. Thus, to the extent there is a trial, Boeing's witnesses will *in all likelihood* not have to travel to Chicago, Illinois "several" times. Thomas Dodt agreed that if that were the case, it would not be as inconvenient for Boeing witnesses to come to Chicago.

(Boeing's Opp'n, Ex. 4, pg. 18, n.5 (emphasis added).) According to Boeing, this footnote can only be read as plaintiffs proposing a joint trial, and therefore the claims qualify for CAFA jurisdiction as a mass action. (Boeing Opp'n at 12.)

The court disagrees with Boeing's conclusion; the plaintiffs' argument in a footnote in a reply brief in opposition to Boeing's *forum non conveniens* motion does not constitute a request to consolidate the cases converting plaintiffs' separate claims into a "mass action." As other judges ruling on this issue have held, plaintiffs' footnote is far from "an unequivocal proposal" that the cases should be consolidated. *Kalan-Suna*, 2010 WL 4928941 at *1; *Iz-Anadal*, No. 10 C 6640, Dkt. 9 (N.D. Ill. Oct. 21, 2010) (order remanding action). Indeed, the footnote only indicates the future possibility of an exemplar trial[3] and does not indicate that plaintiffs are "propos[ing] to try these cases jointly in state court." *See Anderson*, 610 F.3d at 394. Boeing is attempting to circumvent CAFA by removing separate actions and consolidate them based on an argument plaintiffs made in a footnote discussing the possibility of an exemplar trial. Although "subsequent action by the plaintiffs in state court might render these claims removable," *id.* at 394, at this time, plaintiffs have not proposed to try their cases jointly in state court and thus the court grants plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c).

---

[1] According to plaintiffs, *Kaya* was previously removed by Boeing and remanded by Judge Hibbler. (*See* Kaya's Mot. to Remand at 6 n.1.) Local Rule 40.3(b)(3) states that when a case that has been previously remanded is then removed again, that case should be assigned to the judge who previously ordered it remanded. LR 40.3(b)(3). Nevertheless, because *Kaya* and *Yango* involve identical removal issues and neither party has requested that *Kaya* be transferred to Judge Hibbler, this court addresses both cases in this order.

[2] Prior to being removed, the state court actions related to the crash were consolidated for pretrial purposes only, thus

## STATEMENT

plaintiffs filed a single brief in opposition to Boeings *forum non conveniens* motion. (*See* Pls.' Mot. to Remand at 5-6.)

[3]    As plaintiffs have not requested or agreed to an exemplar trial in state court, the court does not address whether or not an exemplar trial would render plaintiffs' claims removable under CAFA.